IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

MICHAEL DAVID RANDOLPH,     )
                                      )
        Petitioner,         )
                                      )
v.                           )        **Case No. 12-CV-0165-CVE-FHM**
                                      )
CLAUDE CHESTER, Warden,     )
                                      )
        Respondent.    )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and is represented by counsel. Prior to the filing of a responsive pleading by Respondent, Petitioner filed a motion to stay writ of habeas corpus or, in the alternative, dismiss unexhausted claims (Dkt. # 7). In his motion to stay, Petitioner acknowledges that the petition (Dkt. # 1) is a "mixed petition," containing both exhausted and unexhausted claims. See Dkt. # 7. Respondent did not file a response to the motion to stay. In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 8). Petitioner filed a response (Dkt. # 12) to the motion to dismiss. For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as time barred. Petitioner's motion to stay shall be declared moot.

## *BACKGROUND*

The record reflects that, at the conclusion of a two-stage jury trial, held in Tulsa County District Court, Case No. CF-2007-1661, Petitioner Michael David Randolph was convicted of Trafficking in Illegal Drugs (Count 1), Possession of Marijuana, Second Offense (Count 2), and

Failure to Obtain Drug Tax Stamp (Count 3). <u>See</u> Dkt. # 9, Ex. 1. On February 25, 2008, he was sentenced to life imprisonment without the possibility of parole on Count 1, two (2) years imprisonment on Count 2, and four (4) years imprisonment on Count 3, with Counts 1 and 2 to be served concurrently, and Count 3 to be served consecutively to Counts 1 and 2. <u>Id.</u> Petitioner was represented at trial by attorneys Curt Allen and Jill Webb, Assistant Tulsa County Public Defenders.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). His appellate counsel was Stuart Southerland, an Assistant Tulsa County Public Defender. In a published opinion filed February 4, 2010, in Case No. F-2008-208, the OCCA affirmed the Judgment and Sentence of the trial court. <u>See</u> Dkt. # 9, Ex. 2; <u>Randolph v. State</u>, 231 P.3d 672 (Okla. Crim. App. 2010).  Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On February 7, 2011, Petitioner, represented by attorneys Stephen G. Layman and Stanley D. Monroe, filed an application for post-conviction relief.  <u>See</u> Dkt. # 9, Ex. 1. By order filed March 29, 2011, the state district court denied post-conviction relief. <u>Id.</u> On April 1, 2011, Petitioner filed a motion to reconsider and set aside order denying Petitioner's application for post-conviction relief. <u>Id.</u> On October 13, 2011, the state district court denied the motion to reconsider.  Petitioner attempted to perfect a post-conviction appeal.  By order filed March 7, 2012 (Dkt. # 9, Ex. 3), the OCCA dismissed the post-conviction appeal, finding that under Rule 5.2(C), <u>Rules of the Oklahoma Court of Criminal Appeals</u>, the attempted appeal was untimely.

On March 23, 2012, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). Petitioner is represented by attorneys Kirsten L. Palfreyman, Stanley Monroe, and Stephen Layman.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In general, the limitations period begins to run from the date on which a

prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C),

and (D).  In addition, the limitations period is tolled or suspended during the pendency of a state

application for post-conviction relief properly filed during the limitations period.  § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion

that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's

conviction became final on May 5, 2010, after the OCCA concluded direct review on February 4,

2010, and the 90 day time period for filing a petition for writ of *certiorari* in the United States

Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result,

his one-year limitations clock began to run on May 6, 2010, see Harris v. Dinwiddie, 642 F.3d 902, 907 n.6 (10th Cir. 2011), and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 6, 2011, would be untimely.  See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

The limitations period was tolled, or suspended, during the pendency of a "properly filed" post-conviction proceeding.  28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). On February 7, 2011, or with 88 days remaining in the one-year limitations period, Petitioner filed his application for post-conviction relief. On March 29, 2011, the state district court denied the application.  Petitioner did not perfect a post-conviction appeal within thirty (30) days of the district court's final order.  When a petitioner fails to perfect a timely post-conviction appeal, his one-year limitations period is usually tolled an additional 30 days, the time period allowed under state law for perfection of a post-conviction appeal.  Gibson v. Klinger, 232 F.3d 799, 804 (10th Cir. 2000) (holding that regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law). Instead of immediately appealing the denial of post-conviction relief, Petitioner instead filed, on April 1, 2011, or only three (3) days after entry of the district court's order, a motion for rehearing, as allowed by Rule 15(b), Rules for District Courts of Oklahoma (providing that "[a]ny interested party who deems himself aggrieved by the refusal of a judge to grant a motion to disqualify or transfer a cause to another judge may re-present his motion to the Chief Judge of the county in which the cause is pending . . . by filing in the case within five (5) days from the date of said refusal a written request for re-hearing").

4

Because the motion to reconsider was "properly filed" under Rule 15(b), Petitioner is entitled to statutory tolling during the pendency of that motion. The motion to reconsider was filed on April 1, 2011, or only three (3) days after the district court denied post-conviction relief, and remained pending until October 3, 2011, or for 185 days.[1] In addition, Rule 15(b), <u>Rules for the District Courts of Oklahoma</u>, provides that "[i]f the hearing before the second judge results in an order adverse to the movant, he shall be granted not more than five (5) days to institute a proceeding in the . . . Court of Criminal Appeals for a writ of mandamus."  Although Petitioner did not avail himself of this remedy, he is nonetheless entitled, pursuant to the rationale of <u>Gibson</u>, to an additional five (5) days of tolling for the time he could have taken advantage of the remedy provided by state court rules. After the state district court denied his motion for rehearing, Petitioner filed a post-conviction appeal at the OCCA. By order filed March 7, 2012 (Dkt. # 9, Ex. 3), the OCCA dismissed the attempted post-conviction appeal as untimely.  Other than the five (5) days during which he could have filed a petition for writ of mandamus at the OCCA, Petitioner is not entitled to tolling for the time between the denial of his motion to reconsider and the dismissal of his post-conviction appeal as untimely. <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005) (concluding that a state post-conviction petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not trigger statutory tolling).

In summary, the Court finds that Petitioner is entitled to statutory tolling of the limitations period from February 7, 2011, when he filed his application for post-conviction relief, through Monday, October 10, 2011, the first business day five (5) days after October 3, 2011, the date the

---

[1]The tolling time for the motion to reconsider encompassed the 30-day time period during which Petitioner could have filed a timely post-conviction appeal, as recognized in <u>Gibson</u>.

district court denied the motion to reconsider. Petitioner had to file his federal habeas petition within the time remaining in his one-year period, or within 88 days of October 10, 2011. Thus, Petitioner's deadline was January 6, 2012. Petitioner did not file his petition until March 23, 2012. As a result, his petition appears to be time barred.

In response to the motion to dismiss, see Dkt. # 12, Petitioner first argues that he "could not proceed with an appeal without first complying with District Rule 15 to determine whether the district court judge, who had previously appeared for the Tulsa County District Attorney's Office in the Applicant's criminal proceedings, should be recused or not." See Dkt. # 12 at 4. However, Petitioner's remedy for the denial of his motion to reconsider, as provided by Rule 15(b), was to request mandamus relief in the OCCA. As determined by the OCCA, the filing of the motion to reconsider did not serve to extend the time for commencing a timely post-conviction appeal. Therefore, Petitioner's post-conviction appeal was not "properly filed" and did not toll the limitations period. See Pace, 544 U.S. at 417; see also Burger v. Scott, 317 F.3d 1133, 1139 (10th Cir. 2003) (state procedural law governs whether a state application for post-conviction relief is properly filed).

Petitioner also informs the Court that, during the pendency of this action, he has followed the OCCA's advice[2] and filed another application for post-conviction relief requesting a post-conviction appeal out of time. See Dkt. # 12. The docket sheet for Tulsa County District Court, Case No. CF-2007-1661, viewed at www.oscn.net, confirms that Petitioner filed his second application for post-conviction relief on April 5, 2012. By order filed May 17, 2012, the state district

---

[2]In the order dismissing Petitioner's post-conviction appeal as untimely, the OCCA advised Petitioner that if he wished to appeal the district court's denial of post-conviction relief, he could file another application requesting a post-conviction appeal out of time. See Dkt. # 9, Ex. 3 at 2.

judge recommended that Petitioner be granted a post-conviction appeal out of time.  On June 22, 2012, the OCCA granted Petitioner a post-conviction appeal out of time. Petitioner again attempted to perfect a post-conviction appeal.  However, by order filed December 5, 2012, the OCCA dismissed the appeal based on Petitioner's failure to attach certified copies of the district court orders appealed from, as required by Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.  The OCCA also noted that no record on appeal had been filed as required by Rules 5.2(C)(6), 2.4(B), Rules of the Oklahoma Court of Criminal Appeals.

Regardless of the disposition of Petitioner's most recent effort to obtain relief in the state courts, he is not entitled to additional tolling of the federal limitations period.  His second application was not filed until April 5, 2012, or after the one-year period expired on January 6, 2012. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (stating that applications for post-conviction relief filed after expiration of one-year limitations period do not serve to toll the limitations period).

In addition, Petitioner asserts that, even if he is not entitled to statutory tolling for the entire period between the filing of the application for post-conviction relief and the dismissal of the attempted post-conviction appeal as untimely, he is entitled to equitable tolling.  See Dkt. # 12. Equitable tolling applies only in "rare and exceptional circumstances."  Gibson, 232 F.3d at 808 (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).  Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner argues that he diligently pursued his federal claims in state court. Significantly, however, Petitioner offers no explanation for his lack of diligence during the period between the conclusion of his direct appeal and the filing of his application for post-conviction relief. The Court further finds that Petitioner has failed to demonstrate that some extraordinary circumstance, that prevented timely filing, stood in his way. The Court specifically rejects Petitioner's argument that "untimely rulings by the Tulsa County District Court" qualifies as an extraordinary circumstance that prevented timely filing of the habeas petition. Petitioner has not met his burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. His petition for writ of habeas corpus is time barred.

### *CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

9

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.

2.    The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

3.    Petitioner's motion to stay writ of habeas corpus or, in the alternative, dismiss unexhausted claims (Dkt. # 7) is **declared moot**.

4.    A certificate of appealability is **denied**.

5.    A separate Judgment shall be entered in this matter.

**DATED** this 20th day of December, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE